UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Vaughn*, 7:20cv134 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

# ORDER

This Order addresses Plaintiffs' motions in limine in Jonathan Vaughn's case.[1]  *See* ECF No. 91.

1. **Vaughn's VA/DoD Joint Disability Evaluation Board Claim**

    **DEFER RULING**.  Separate order to follow.

2. **VA C&P Materials**

    **GRANTED IN PART and DENIED IN PART**.  **GRANTED**, as to evidence regarding documents related solely to VA compensation and pension applications, disability benefits questionnaires, and benefits determinations.  These materials are generally inadmissible, consistent with the Court's prior rulings on this issue, which are incorporated by reference.  *See Montero v. 3M*, No. 7:20cv067, ECF No. 78 at 2 (collecting prior rulings).  **GRANTED**, also consistent with prior rulings, as to statements not authored by Vaughn.

---

[1] Defendants did not file motions in limine in Vaughn's case.

**DENIED**, as to audiometric test data set forth in Vaughn's C&P materials. Medical/audiological experts may cite and discuss the results of certain objective tests conducted by or for the VA, including audiograms, to the extent that the experts relied on the tests in reaching their respective opinions. However, the tests themselves will not be admitted into evidence, no VA personnel or contractors may testify about the tests or the agency's administrative decisions, and no reference the VA C&P process will be permitted.

**DENIED**, as to the use of certain plaintiff-authored statements to the VA for impeachment purposes. Defendants have identified one C&P document with statements that they intend to use in this manner at trial. The Court's rulings as to those statements are provided below. To be clear, the admissibility of any plaintiff-authored statement to the VA will depend on Vaughn's testimony at trial. If Vaughn does not deny making the statements, then Defendants will not be permitted to use the statements at all. *See, e.g.*, *Finley*, No. 7:20cv170, ECF No. 85 at 8-9. However, if Vaughn denies making a statement or does not remember it, Defendants will be permitted to use the statement solely for impeachment purposes. *See id*. Should Vaughn open the door to impeachment by contradiction, Defendants may only use the single specific statement(s) on the applicable VA form and the additional information indicated below. All other information on the form must be redacted and the context must be referred to only as a prior statement to a health care

professional for the VA.  No other information from the form, and no information about Vaughn's VA claim, is relevant for impeachment. This does not open the door to any and all potential impeachment information in any VA disability record, for any case. For Vaughn's case, the only such information that the Court will consider for impeachment purposes are the materials identified below. Defendants are precluded from citing additional materials from the VA C&P records at trial. Additionally, Defendants are on notice that, even with redactions, use of the below exhibits may open the door to testimony from Vaughn explaining the broader context of the statements on redirect, which will be accompanied by a limiting instruction from the Court regarding the VA benefits process.

| Highlighted Statements | Rulings | Additional Information |
|---|---|---|
| Name, signature and date blocks, ECF No. 88-13 at 2, 5 | May be shown if one or more of the below statements is used for impeachment purposes | |
| Civilian and military work history, ECF No. 88-13 at 2-3 | Impeachment only | |
| Explanation of current difficulties, ECF No. 88-13 at 5 | Impeachment only | Must redact the phrase "WITH ANY OF YOUR DISABILITIES" from the header |
| Medical treatment received or receiving, ECF No. 88-13 at 5 | Impeachment only | |

3.    **Improper Character Evidence and/or Alleged Bad Acts**

    **GRANTED**, as to general "employment reviews, [alleged] inadequate work practices or improper prescribed work methods (including the accident that result in finger injury), the alleged basis for [Vaughn's] termination from Progress Rail, and the resulting employment action." *See* Pl. Mot., ECF No. 91-19 at 5.  This includes the letter allegedly authored by Lonnie Stanfield, which is irrelevant hearsay and substantially more prejudicial than probative.

    **DENIED**, as to the portions of the 2004 Progress Rail Services Health History form where Vaughn noted "RINGING IN EARS," *see* ECF No. 91-13 at 3, and "Ringing in ears sometimes" and "No hearing problems," *see id*. at 5.  These notations are probative of Vaughn's alleged history of auditory symptoms.

4.    **Social Security Applications, Claims and/or Benefits**

    **GRANTED IN PART and DENIED IN PART**, consistent with the Court's prior rulings on this issue, which are incorporated by reference.  *See Adkins*, 7:20cv012, ECF No. 91 at 1-2.  Vaughn is not claiming diminished earnings or employability; therefore, the contents of his social security applications are only marginally relevant in this case, if at all.  Further, he did not make statements denying his tinnitus or hearing issues in connection with those benefits applications, and the absence of a reference to tinnitus and hearing issues is irrelevant.  *See id*. at 2 n.1.  Any nominal probative value of those applications is outweighed by

substantial risk of unfair prejudice and juror confusion; therefore, they may not be offered as substantive evidence.

Defendants also seek to use certain plaintiff-authored statements in the social security applications for impeachment purposes. If Vaughn's wife testifies, Defendants seek to use her written statements to the SSA for impeachment purposes on cross-examination. The Court's rulings as to the statements cited and highlighted in Defendants' briefing are provided below. To be clear, the use of these reported statements for impeachment is governed by the same rules as plaintiff-authored statements to the VA (outlined above in the Court's ruling on Vaughn's MIL No. 3).

| Highlighted Statements | Rulings | Additional Information |
|---|---|---|
| Personal Pain Questionnaire, ECF No. 88-17 at 4-5 | Impeachment only | In addition to the highlighted statements (and corresponding questions), only the name, signature and date blocks may be shown. All other information must be redacted. |
| Headache Questionnaire, ECF No. 88-17 at 6-7 | Impeachment only | Same as above |
| Function Report-Adult, ECF No. 88-18 | Impeachment only | Same as above |
| Independent Living Needs Interview Guide, ECF No. 88-19 | Impeachment only | Same as above |
| Function Report-Adult-Third Party (Vaughn's wife), ECF No. 88-20 | Impeachment only (Vaughn's wife only) | Same as above |

**5.     Marijuana, Alcohol, Tobacco, and/or Non-Ototoxic Drugs**

**GRANTED**, as unopposed, regarding marijuana, vaping, tobacco, and alcohol use.

**GRANTED**, as to evidence or argument that medications used by Vaughn, or chemical substances (including welding fumes/gases) to which he was exposed, are ototoxic.  As to the former, Dr. Dennis Pappas, Defendants' case-specific expert, concluded that is "unlikely" that Vaughn's hearing difficulties and tinnitus are due to ototoxic medications; therefore, references to the potential ototoxicity of Vaughn's medications are excluded on relevance and 403 grounds.  *See* Pappas Rep., ECF No. 2716-28 at 42, 51.  This ruling does not preclude references to a particular medication for another permissible purpose (e.g., Percocet for chronic pain has side effects that Defendants maintain bear on Vaughn's quality of life claims).  As to other chemical substances, no evidence has been presented in this litigation establishing a causal relationship between welding fume exposure and auditory injuries; therefore, references to any potential ototoxicity of welding fumes/gases is excluded on reliability and 403 grounds.

**6.     3M's Witness List**

**GRANTED**, as to Eileen Kline and Kevin Michael.  *See In re 3M*, No. 3:19md2885, ECF No. 2244; *Adkins*, No. 7:20cv012, ECF No. 91 at 5.

**GRANTED**, as to the Curry-Mathis "study" about CAEv2 sizing, the "survey" on soldier feedback, and anecdotal testimony about the CAEv2's efficacy. *See Sloan*, No. 7:20cv001, ECF No. 109 at 9.

**DENIED AS MOOT**, regarding general testimony from Curry-Mathis, based on Defendants' representation that they will not call her at trial "absent door-opening." To the extent Defendants believe the door has been opened, they must seek leave of court outside the presence of the jury before offering Curry-Mathis's testimony.

**SO ORDERED** this 5th day of April, 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**