UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Vaughn*, 7:20cv134 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

# ORDER

This matter is before the Court on Defendants' Motion for Remote Testimony, seeking to present the trial testimony of two third-party witnesses, Damon Chatterton and Tarrah Schubert, by way of videoconference due to personal, childcare, and/or school-related conflicts that "prevent" these witnesses from traveling to Florida to testify in person. *See* ECF No. 135 at 1. On consideration, the motion is denied.

Trial testimony "must be taken in open court" unless a federal statute or rule provides otherwise. *See* Fed. R. Civ. P. 43(a). Federal Rule of Civil Procedure 43(a) vests district courts with discretion to allow remote testimony on a showing of "good cause in compelling circumstances and with appropriate safeguards." *See Toland v. Phoenix Ins. Co.*, 855 F. App'x 486, 491 (11th Cir. 2021). This standard is "most persuasive[ly]" met where "unexpected reasons, such as accident or illness," prevent a witness from attending trial in person, and most easily if both sides agree to remote testimony. *See* Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

Other possible justifications, however, "must be approached cautiously," and "a party who could reasonably foresee the circumstances offered to justify [remote] testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." *Id*. Mere inconvenience or logical difficulties cannot satisfy the standard. *Id*.; *Novello v. Progressive Express Ins. Co.*, No. 8:19cv1618, 2021 WL 1751351, at 2 (M.D. Fla. May 4, 2021).

Here, the trial has been set to proceed in Gainesville, Florida for more than six months, since October 5, 2021. *See* ECF No. 20. Defendants have known of the nature and apparent centrality of Chatterton and Schubert's testimony to their case for nearly that long, if not longer.[1] The witnesses' presence in distant locations is not a surprise, no accident or illness has constrained either witness's ability to travel, and their childcare and school-related issues clearly are not unique, sudden or unforeseeable.[2] Defendants have not explained what alternative arrangements were explored in advance of trial or why they waited until the eleventh hour to raise this issue.[3] Nor have they offered any explanation for why they did not obtain

---

[1] Schubert was deposed on November 19, 2021. *See* ECF No. 88-7 at 2. Chatterton's affidavits are dated December 31, 2021. *See* ECF Nos. 88-5 at 4 & 88-6 at 4.

[2] This distinguishes Chatterton and Schubert's testimony from that of Michelle Blum, who ultimately testified in person, but who would have been permitted to testify remotely because she was unable to find long-term care (i.e., several weeks) for her dependent autistic son.

[3] *See* Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment ("Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying.").

Chatterton's testimony during discovery and preserve it for trial, or why Schubert's deposition testimony will not suffice.

The significance of Chatterton and Schubert's live testimony in the context of this case cannot be overstated. "Vaughn's credibility is the central issue in this trial," according to Defendants, *see* ECF No. 103-11 at 1, and these two witnesses will provide the only direct evidence (in the form of opinion testimony) on that "central" issue. The witnesses may also have personal knowledge of some relevant facts, but it is clear from the pretrial briefing that any minimal import of their factual testimony will be far overshadowed by their personal opinions that Vaughn is a liar.[4] In this Court's view, absent the most compelling and unforeseeable of circumstances, opinion testimony of that nature demands a live, in-person presentation of both direct and cross-examination. *See* Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment ("The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition."); *Ballesteros v. Wal-Mart Stores, LP*, No. 2:19cv881, 2021 WL 2917553, at 1 (M.D. Fla. July 12, 2021) ("There is no technology to date that can substitute for a juror looking a witness in

---

[4] This distinguishes Chatterton and Schubert's testimony from that Sergeant Milton Moody in *Adkins*. Moody gave *only* basic fact testimony about Adkins' service and, in any event, Defendants had no objection to remote testimony from Moody.

the eyes"). And as already discussed, Defendants' proffered justifications for remote testimony are neither compelling nor unforeseeable.

In short, Defendants have failed to show "good cause in compelling circumstances" to justify the relief sought. Accordingly, their motion for remote testimony, ECF No. 135, is **DENIED**.

**SO ORDERED**, on this 18th day of April, 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**