# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG LITIGATION LIABILITY LITIGATION<br><br>This Document Relates to:<br>*Jonathan Vaughn*<br>Case No. 7:20-cv-00134 | CASE NO.: 3:19-MD-2885-MCR-GRJ<br><br>Chief Judge M. Casey Rodgers<br>Magistrate Judge Gary Jones |

# VERDICT FORM

Filed in Open Court
4-29-2022
Clerk, U.S. District Court
Northern District of Florida

## I. Tort Claims - Strict Liability

### A. Design Defect

Do you find, by a preponderance of the evidence, that:

(i) The CAEv2 was defective and, because of the defect, the CAEv2 was unreasonably dangerous to a person who might reasonably be expected to use or be affected by the CAEv2; and

(ii) the defect in the CAEv2 was a cause of Mr. Vaughn's injuries?

YES ✓        NO ____

**If you answered NO to this question, your verdict on the issue of strict liability design defect is for 3M. If you answered YES to this question, your verdict on the issue of design defect is for Mr. Vaughn.**

**Please proceed to Section I.B.**

### B. Failure to Warn

Do you find, by a preponderance of the evidence, that:

(i) the CAEv2 was defective because adequate warnings or instructions for its use were not provided, and because of the lack of adequate warnings or instructions for its use, the CAEv2 was unreasonably dangerous to a person who might reasonably be expected to use or be affected by the CAEv2; and

(ii) the absence of adequate warnings or instructions for its use was a cause of Mr. Vaughn's injuries?

YES __✓__         NO_____

**If you answered NO to this question, your verdict on the issue of strict liability failure to warn is for 3M. If you answered YES to this question, your verdict is for Mr. Vaughn.**

**Please proceed to Section I.C.**

### C. Strict Liability Misrepresentation

Do you find, by a preponderance of the evidence, that:

(i) 3M misrepresented a fact concerning the character or quality of the CAEv2 that would be material to potential purchasers or users of the product;
(ii) The misrepresentation was made to potential purchasers or users as members of the public at large;
(iii) As a purchaser or user, the United States Army or Mr. Vaughn reasonably relied on the misrepresentation;
(iv) Mr. Vaughn was a person who would reasonably be expected to use the CAEv2; and
(v) The reasonable reliance of the United States Army or Mr. Vaughn on the misrepresentation was a cause of Mr. Vaughn's injuries?

YES ✓        NO ____

**If you answered NO to this question, your verdict on the issue of strict liability misrepresentation is for 3M. If you answered YES to this question, your verdict is for Mr. Vaughn.**

**Please proceed to Section II.**

3

## II. Negligence

### A. Design Defect

Do you find, by a preponderance of the evidence, that:

(i) 3M was negligent by failing to exercise reasonable care to prevent the CAEv2 from creating an unreasonable risk of harm to the person or property of one who might reasonably be expected to use the CAEv2 while it was being used in the manner 3M might have reasonably expected; and

(ii) 3M's negligence was a cause of Mr. Vaughn's injuries while the CAEv2 was being used in a manner 3M should reasonably have expected?

YES ✓          NO ____

**If you answered NO to this question, your verdict on the issue of negligent design defect is for 3M. If you answered YES to this question, your verdict on the issue of design defect is for Mr. Vaughn.**

**Please proceed to Section II.B.**

4

B. **Negligence Per Se**

Do you find, by a preponderance of the evidence, that:

(i) 3M violated the EPA regulations regarding labeling, testing, and instructions; and
(ii) 3M's violation of the EPA regulations was a cause of Mr. Vaughn's injuries.

YES ✓      NO____

**If you answered NO to this question, your verdict on the issue of negligence per se is for 3M. If you answered YES to this question, your verdict on the issue of design defect is for Mr. Vaughn.**

**Please proceed to Section III.**

### III. Misrepresentation Claims

#### A. Fraudulent Misrepresentation

Do you find, by a preponderance of the evidence that:

(i) 3M made a false representation of a past or present fact;
(ii) the fact was material;
(iii) at the time the representation was made, 3M
    (a) knew the representation was false, or;
    (b) was aware that it did not know whether the representation was true or false;
(iv) 3M made the representation with the intent that the United States Army or servicemembers, such as Mr. Vaughn, would rely on the representation;
(v) Mr. Vaughn justifiably relied on the misrepresentation; and
(vi) Mr. Vaughn's reliance on the misrepresentation was a cause of his injuries?

YES __✓__     NO _____

**If you answered NO to this question, then your verdict on the fraudulent misrepresentation claims is for 3M. If you answered YES to this question, your verdict is for Mr. Vaughn.**

**Please proceed to Section III.B.**

6

### B. Negligent Misrepresentation

Do you find, by a preponderance of the evidence that:

    (i) 3M negligently gave false information to the United States Army or to Mr. Vaughn;
    (ii) Mr. Vaughn relied upon such information; and
    (iii) Mr. Vaughn's reliance was a cause of his injuries?

YES ✓    NO ____

If you answered NO to this question, then your verdict on the negligent misrepresentation claim is for 3M. If you answered YES to this question, your verdict is for Mr. Vaughn.

**Please proceed to Section III.C.**

C. **Fraudulent Concealment**

Do you find, by a preponderance of the evidence that:

(i) 3M concealed a past or present fact or failed to disclose a past or present fact which it had a duty to disclose;
(ii) the fact was material;
(iii) 3M intended to create a false impression of the actual facts in the mind of the United States Army or Mr. Vaughn;
(iv) 3M intended that the Army or Mr. Vaughn take a course of action that might not have been taken if they knew the actual facts;
(v) Mr. Vaughn used the CAEv2 relying on the assumption that the concealed or undisclosed fact did not exist or was different from what it actually was;
(vi) Mr. Vaughn's reliance was justified; and
(vii) Mr. Vaughn's reliance was a cause of his injuries?

YES ✓          NO ____

**If you answered NO to this question, then your verdict on the fraudulent concealment claim is for 3M. If you answered YES to this question, your verdict is for Mr. Vaughn.**

**Please proceed to Section IV.**

IV. **Consumer Fraud**

    A. Do you find, by a preponderance of the evidence, that:

(i) 3M engaged in a deceptive trade practice;
(ii) the deceptive trade practice occurred in the course of 3M's business;
(iii) the deceptive trade practice significantly impacted the public as actual or potential consumers of 3M's goods;
(iv) Mr. Vaughn was an actual or potential consumer of the CAEv2; and
(v) the deceptive trade practice caused actual damages or losses to Mr. Vaughn?

YES __✓__        NO_____

    B. If you answered yes, do you find by clear and convincing evidence that 3M engaged in bad faith conduct in connection with the deceptive trade practices?

YES_____        NO __✓__

If you answered NO to this question, your verdict on the issue of consumer fraud is for 3M. If you answered YES to this question, your verdict is for Mr. Vaughn.

If you answered YES to any of the prior Questions, your verdict is for Mr. Vaughn on those questions, and you must proceed to the next Section.

If you answered NO to each of the prior Questions, your verdict is for 3M and your work is complete. Please have the foreperson sign and date the verdict form.

9

## V. 3M's Affirmative Defenses

### A. Comparative Fault/Apportionment

Do you find, by a preponderance of the evidence, that:
  (1) Mr. Vaughn failed to do something that a reasonably careful person would do, or did something that a reasonably careful person would not do, under the same or similar circumstances to protect himself from the claimed defect in the CAEv2; and
  (2) that his negligence was a cause of his injuries?

YES_____    NO___✓___

Do you find, by a preponderance of the evidence, that:
  (1) the U.S. Army acted, or failed to act, in one of the ways claimed by 3M and that in so acting or failing to act, the Army was negligent; and
  (2) the United States Army's negligence was a cause of Mr. Vaughn's injuries?

YES_____    NO___✓___

**If you answered YES to either question, you should consider the percentage of fault that should be apportioned to Mr. Vaughn and/or the U.S. Army and record that in Section VII below.**

**Please proceed to the next section.**

10

## VI. Damages

**If you entered a verdict for Mr. Vaughn in any of the above sections, please answer the following questions. If you entered verdicts for 3M on all of Mr. Vaughn's claims, please sign and date the verdict form for Mr. Vaughn's case below.**

1. If you find that any of the individuals or organizations listed below was negligent, and thereby caused or contributed to Mr. Vaughn's alleged injuries and damages, then it is necessary for you to determine the percentage of fault for each. If you find no fault, then you should place a "0" by that name. **Your allocation of fault must add up to 100%.**

| | |
|---|---|
| 3M | 100 % |
| Mr. Vaughn | 0 % |
| United States Army | 0 % |

**If you allocated fault to Mr. Vaughn or the United States Army, you should not make any reduction to the total damages awarded to Mr. Vaughn based on this allocation. The Court in entering judgment will take into account your allocation of fault among the parties.**

2. Without taking into consideration any allocation of fault, what damages, if any, do you find for Mr. Vaughn for:

Past and future pain and suffering, inconvenience, emotional stress, and impairment of quality of life:   $ 2,000,000
Physical impairment:   $ 200,000

**If you awarded damages to Mr. Vaughn you may in your discretion impose punitive damages in the following section.**

11

**Punitive Damages**

If you found in favor of Mr. Vaughn on one or more of his claims and are satisfied beyond a reasonable doubt that 3M acted in a willful and wanton manner in causing Mr. Vaughn's injuries, you may impose punitive damages on 3M.

Please list the amount of any punitive damages below:

$ 0

**Your deliberations are now complete, and you should have the Foreperson sign and date this Verdict Form.**

4/29/2022
DATE

REDACTED